IN RE: ARKANSAS BAR ASSOCIATION RULES AND
REGULATIONS FOR MANDATORY CONTINUING
LEGAL EDUCATION

85-302                                         711 S.W.2d 446

Supreme Court of Arkansas
Delivered May 30, 1986

PER CURIAM. We approve the concept of mandatory contin-
uing legal education for all members of the bar of this court. We
commend the Arkansas Bar Association and its Special Commit-
tee for Mandatory Continuing Legal Education chaired by W.
Russell Meeks, III, for the effort it has expended in placing before
us a proposal of rules and regulations for the creation and
implementation of such a program.

As the ultimate sanctions for failure to participate in any
mandatory continuing legal education scheme must include
revocation of the license of the nonparticipant, we feel a deep
responsibility for close supervision of any such program we may
eventually adopt. Although the proposal before us gives us virtual
control of the membership of the commission to be in charge of
the proposed program, we would like to have it operated by and
through a more closely associated agency of our court.

For this purpose and many others we find ourselves in need of
a court administrator, one of whose functions would be to
supervise and direct mandatory continuing legal education with,
perhaps, an advisory board composed much as the proposed
commission. At present we have no authority or funds to employ
such an administrator. We are considering, among other alterna-
tives, raising our supreme court bar membership dues sufficiently
to cover the cost. We are directing our Judicial Department to
study the means by which other states' highest courts maintain
supervisory control of and support financially their continuing
legal education efforts.

We also view an effective program of continuing legal
education as being inextricably related to the matter of legal
specialization. The inordinately slow development, thus far, of a
legal specialization program for the members of our bar has been,
in part, the result of lack of a focal point for supervision of the
program. We likewise applaud the efforts of the Arkansas Bar
Association and its Board of Legal Specialization for the volun-

tary work of its members in generating proposals in the specialization program. However, until we are able to come up with the means of supervising and funding both these programs, we do not want them to start. We know and appreciate our responsibility in these matters, but we must decline to be involved in any program in which we are not exercising that responsibility as directly and as well as we possibly can.

We share with the Arkansas Bar Association and other members of our bar the desire to institute programs of legal specialization and mandatory continuing legal education which are highly competent. Our plan is to have those programs as soon as we can assure ourselves we are able properly to exercise our supervisory authority and responsibility.

We wish to thank also the many individuals and groups who responded to our invitation for comments on the Arkansas Bar Association proposal. We will maintain those responses in our file, and we will find them useful when we are ready to begin establishment of the program.

Petition denied.

PURTLE, J., not participating.

HICKMAN, J., concurs that it is premature to decide this matter.